IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHEILA D. CAUDLE,                              Civ. No. 07-262-HO

        Plaintiff,                           ORDER

   v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision of the Commissioner denying her application for disability insurance benefits and supplemental security income payments.  Plaintiff contends that the administrative law judge (ALJ) erred by failing to order neuropsychological testing, failing to consider the impact of plaintiff's obesity and rejecting plaintiff's testimony.  For the reasons explained below, the decision of the Commissioner is affirmed.

## Discussion

    The ALJ stated clear and convincing reasons to reject plaintiff's statements regarding her limitations.  While

plaintiff's application for unemployment benefits is not demonstrably inconsistent with a claim of disability on this record, the ALJ permissibly considered plaintiff's work activities - - including substantial gainful activity - - during the period of alleged disability, the fact that plaintiff stopped working due to a seasonal layoff rather than disability, and plaintiff's activities of cleaning, cooking, laundry, shopping and volunteering in a soup kitchen.  (Tr. 26, 125, 151, 208-09, 348).  The work activities are inconsistent with the claim of disability.  The household and volunteer activities are inconsistent with plaintiff's testimony that she can stand for no more than five or ten minutes, and that she will pass out if she remains standing.  Review of the record confirms the ALJ's finding that these claimed physical limitations are not supported in the medical evidence.  (Tr. 24).

Whereas plaintiff and her husband alleged that plaintiff has memory and concentration difficulties, the ALJ properly noted that testing does not show significant cognitive limitations, and that "cognitions are intact."  (Tr. 27, 310-13, 351).

The ALJ stated specific and legitimate reasons supported by substantial evidence to reject the opinions of treating psychiatrist Joseph Barrett that plaintiff has marked mental limitations precluding work, and a Global Assessment of Functioning of 35.  Dr. Barrett's opinions are contradicted by

state agency psychologists. (Tr. 260-78). Dr. Barrett's notes and reports evince his reliance on observations of plaintiff and plaintiff's subjective statements. Because she permissibly found plaintiff incredible, the ALJ permissibly cited reliance on plaintiff's statements as one reason for rejecting Dr. Barrett's opinions. The court might not have chosen the words "vague" and "sketchy" to describe Dr. Barrett's report of mental status examination. However, that portion of the report is brief, as stated by the ALJ. (Tr. 25, 316). The ALJ is also correct that Dr. Barrett's assessment of limitations do not reference clinical findings. Records from Dr. Barrett do not indicate testing or results. As noted by the ALJ, these records indicate intact cognition and mental symptoms of less than 12 months duration exacerbated by situational stress, such as plaintiff's husband's absence due to military service. (Tr. 26, 314). Although Dr. Barrett opined that work is precluded on August 2, 2005, he expressed no opinion as to the expected duration of plaintiff's condition.

Finally, the ALJ did not abuse her discretion by finding the record adequate and declining to order further examinations. Examining psychologist William Trueblood did not opine that further testing is required. Although Dr. Trueblood included Undifferentiated Somatoform Disorder as a rule-out diagnosis, Dr. Barrett subsequently examined and treated plaintiff and did not

3 - ORDER

diagnose this disorder. Nor did any other medical source and plaintiff did not allege that she suffers from Somatoform Disorder. While Dr. Trueblood indicated he had little time to assess personality disorders, Dr. Barrett's records evince consideration of this possibility. (Tr. 311, 317). Dr. Trueblood did not opine that additional neuropsychological screening was necessary. (Tr. 212). As noted, Dr. Barrett repeatedly noted that plaintiff's cognitions were intact.

The decision of the Commissioner is free of the asserted errors and supported by substantial evidence.

## Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this __18th__ day of July, 2008.

                                               __s/ Michael R. Hogan__
                                               United States District Judge